UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY SCHERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01866-JPH-MJD |
| | ) |
| | ) |
| INDIANA UNIVERSITY, | ) |
| G.G., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO PROCEED UNDER PSEUDONYM**

This matter is before the Court on Defendant G.G.'s *Motion to Proceed Under Pseudonym* [Dkt. 15], requesting that the Court allow her to pursue this action anonymously due to the nature of Plaintiff's allegations. For the reasons set forth below, the Court **GRANTS** G.G.'s Motion.

**I. Background**

In addition to common law claims of breach of contract and promissory estoppel, Timothy Scherman ("Plaintiff") alleges violations of Title IX and due process under the Fifth and Fourteenth Amendments against Defendant Indiana University ("IU"). [Dkt. 1 at 17-24.] Moreover, Plaintiff alleges claims of defamation, false light, and intentional infliction of emotional distress against G.G. [*Id*. at 24-26.]

As set forth in the Complaint, Plaintiff and G.G., both former IU students, attended a party on October 18, 2017. [*Id.* at 5.] At some point during the party, the two went to Plaintiff's apartment, where they engaged in sexual activities. [*Id*. 5-6.] Ten months later, G.G. brought a complaint against Plaintiff for alleged sexual assault. [*Id.* at 6.] G.G. asserts that she was

1

incapacitated during the sexual activity. [*Id*. at 7.] I.U. initiated proceedings against Plaintiff, and the Office of Student Conduct ultimately found Plaintiff "had violated the University's Sexual Misconduct Policy because he 'knew or reasonably should have known [G.G.] was incapacitated' during sexual activity." [*Id*. at 8.] Plaintiff was then suspended from I.U. for two years. [*Id*.]

## II.  Legal Standard

There is a strong presumption in favor of open proceedings in which all parties are identified, but federal courts also have discretion to allow a party to proceed anonymously. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). The presumption that parties' identities will be public information can be rebutted, however, by showing that the harm to the party exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding in federal court under a party's real name. *Id*. at 669-70. The ultimate test for permitting a party to proceed anonymously is whether the party has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *John Doe I-IV v. City of Indianapolis*, No. 1:06-cv-865-RLY-WTL, 2006 WL 2289187, at *1-2 (S.D Ind. Aug. 7, 2006). In determining whether to allow a party to proceed anonymously, the non-exhaustive factors articulated in *EW v. New York Blood Center* are helpful:

> (1) whether the [party] is challenging governmental activity or an individual's actions; (2) whether the [party]'s action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the [party]'s intention to engage in illegal conduct; (4) whether identification would put the [party] at risk of suffering physical or mental injury; (5) whether the [opposing party] would be prejudiced by allowing the [moving party] to proceed anonymously; and (6) the

> public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also* Doe v. Ind. Black Expo, 923 F. Supp. at 140 (applying nearly identical five-factor test). Discretion when applying this test lies with the district court. K.F.P v. Dane County, 110 F.3d 516, 519 (7th Cir. 1997). The Court will address each of these factors in turn.

### III. Discussion

The list articulated by the Second Circuit and used in the Seventh Circuit is not a strict test that the Court must follow, nor is it an exhaustive list of factors. Rather, it presents a set of factors that help this Court weigh whether exceptional circumstances exist. Additionally, it is well-known that pseudonyms are generally allowed to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997). In this case, G.G. alleges that she is a victim of sexual assault, so she clearly qualifies as a vulnerable party that has historically been allowed to proceed anonymously.[1]

G.G. is not challenging government activity, nor does she intend to engage in illegal conduct, so the first and third factors are not relevant in this case. The remaining factors, however, weigh in favor of anonymity.

G.G. argues that the second factor weighs in favor of anonymity, as she alleges she is a victim of a sexual assault by Plaintiff, and this assault would require disclosure of intimate information. [Dkt. 15 at 3; Dkt. 27 at 2.] The Court agrees. Such is demonstrated by the

---

[1] The Court notes that regardless of whether a sexual assault victim, like G.G., is a plaintiff or defendant in a case, courts have referred to such victims by pseudonyms. *See, e.g.*, Doe v. Ind. Univ. Bloomington, No. 1:16-cv-1480-JMS-DKL, 2016 WL 11553229 (S.D. Ind. Aug. 26, 2016) (granting Plaintiff's Motion to Proceed under Pseudonym); Doe v. Univ. of Chicago, No. 1:16-cv-08298, 2017 WL 818859 (N.D. Ill. Mar. 2, 2017) (referring to the defendant, the alleged female victim, by pseudonym).

3

intimate details set forth in the Complaint, including Plaintiff and G.G.'s sexual activity, G.G.'s allegations of sexual assault, and IU's findings. [Dkt. 1.]

Plaintiff, on the other hand, argues that to grant G.G.'s Motion "is to concede the very question at issue in [his] defamation [and] false light claims against her: whether [G.G.] fabricated her accusations of sexual assault against Plaintiff and is, in fact, a sexual assault victim at all." [Dkt. 25 at 2.] It is unclear how this lessens the importance of the second factor. As articulated above, the details stated in the Complaint are, themselves, of the utmost intimacy, and Plaintiff does not concede this.

Next, G.G. argues that the fourth factor weighs strongly in favor of anonymity, as she risks being stigmatized by her community since "[c]ollege campus rape and sexual assault is a 'hot button' and, at times, polarizing issue." [Dkt. 15 at 3.] Further, G.G. asserts that "[c]ampus sexual assault victims whose names have been made public have been confronted with shame, threats, and inflamed responses from the community." [*Id*.] In response, Plaintiff asserts the same argument given for the second factor. [Dkt. 25 at 3.] He also contends that G.G. relies on "hypothetical worst-case scenarios." [*Id*.] It is unclear how these arguments lessen the importance of the fourth factor. Rather, G.G. "has asserted legitimate circumstances under which she could suffer mental injury due to the personal and sensitive nature of [Plaintiff's] allegations." *Doe v. Marvel*, No. 1:10-cv-1316-JMS-DML, 2010 WL 5099346 (S.D. Ind. Dec. 8, 2010). Thus, the Court finds that the fourth factor favors anonymity as well.

Under factor five, Plaintiff will not be prejudiced because he already knows G.G.'s identity. *See id.*; *Doe v. Individual Members of Indiana State Bd. of Law Examiners*, No. 1:09-cv-0842-WTL-TAB, 2009 WL 2448468, at *3 (S.D. Ind. Aug. 8, 2009), *objections overruled*, No. 1:09-cv-842-WTL-JMS, 2010 WL 106580 (S.D. Ind. Jan. 4, 2010). The prejudice Plaintiff

4

claims he will suffer is that "a perception that [G.G.] has, in fact, been harmed by [him]" will be created. [Dkt. 25 at 6.] Also, Plaintiff argues that allowing G.G.'s "identity to be shielded from the public would prejudice [him] further by preventing other unknown witnesses from providing information or evidence and impeding his ability to conduct discovery throughout litigation." [*Id.*] The Court does not believe Plaintiff will be prejudiced by G.G.'s anonymity, as Plaintiff does not offer evidence to support his alleged prejudice.

Finally, the sixth factor recognizes the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. Plaintiff contends that G.G. cannot be "entitled to anonymity just because the intimate nature of the allegations are embarrassing to her." [Dkt. 25 at 8.] While there is a strong presumption in favor of proceeding with litigants' real names, the Seventh Circuit has recognized an "exception" for "rape victims." *Blue Cross & Blue Shield United*, 112 F.3d at 872; *City of Chicago*, 360 F.3d at 669. "In other words, the Seventh Circuit has weighed the public's right to access against a [party's] desire to adjudicate rape allegations anonymously and concluded that the scales favor anonymity." *Marvel*, 2010 WL 5099346, at *3. The sixth factor, therefore, also favors anonymity because G.G. alleges she is a victim of sexual assault.

Having balanced the factors, the Court finds that G.G. has overcome the strong presumption in favor of requiring a litigant's name to be a matter of public record by showing that the harm to G.G. outweighs the likely harm of concealment. Plaintiff counters such by arguing that G.G. has already revealed intimate details stated in Plaintiff's Complaint. [Dkt. 25 at 8.] However, this decision is appropriate because G.G. is a victim of sexual assault, G.G. reasonably fears retaliation and that her reputation will be harmed by disclosure, Plaintiff will

not be prejudiced as he knows G.G.'s true identity, and the public interest is muted by the fact that the case will remain a matter of public record.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** G.G's *Motion to Proceed Under Pseudonym*. [Dkt. 15.] G.G.'s *Motion to Seal* [Dkt. 16], which asks the Court to seal various documents containing G.G.'s actual name, is **DENIED AS MOOT**.

The Clerk is directed to **PERMANENTLY SEAL** the documents and all attachments that contain G.G.'s actual name (located at Docket Nos. 1, 2, 6, 7, 10, 11, 12, 14, 18, 19, 23, 24, 28, 29, 32, and 37), and change every mention of G.G.'s actual name in the docket entries to "G.G." (located at Docket Nos. 7, 13, 14, 15, 16, 17, 27, 28, 29, 30, 31, and 35). The Clerk is directed to **UNSEAL** the sealed documents that do not contain G.G.'s actual name, as follows: Docket Nos. 3, 4, 5, 8, 9, 13, 15, 16, 17, 20, 21, 22, 25, 26, 27, 30, 31, 33, 34, 35, and 36. Further, the Clerk is directed to change Defendant's name in the caption to "G.G." And lastly, the Clerk is directed to **UNSEAL** the case.

**IT IS HEREBY ORDERED**:

1. Defendant may proceed in this case under the anonymous name of G.G.
2. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted so as to exclude G.G.'s true identity and to refer to G.G. by her anonymous name.
3. Any document filed in the future that contains G.G.'s actual name or identifying information shall have the name and identifying information redacted prior to filing and shall be replaced by "G.G."

4. The parties are hereby **ORDERED** file redacted versions of their respective documents and attachments previously filed which will be permanently sealed by the Clerk (located at Docket Nos. 1, 2, 6, 7, 10, 11, 12, 14, 18, 19, 23, 24, 28, 29, 32, and 37). The CM/ECF filing event to be used is **Redacted Document**, and each redacted document shall be linked back to the previously-filed, unredacted, sealed document. Therefore, on or before **August 2, 2019**:

    a. Plaintiff shall file redacted versions of Docket Nos. 1, 2, 6, 7, 10, 23, and 24.

    b. Defendant Indiana University shall file redacted versions of Docket Nos. 12, 18, 19, 32, and 37.

    c. Defendant G.G. shall file redacted versions of Docket Nos. 14, 28, and 29.

    d. The Court will issue an amended version of its Order at Docket No. 11.

5. Plaintiff's counsel, Plaintiff, Plaintiff's agents, Plaintiff's assigns, or any other recipients of G.G.'s actual name or identifying information, shall not disclose the name to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.

6. Defendant IU's counsel, IU, IU's agents, IU's assigns, or any other recipients of G.G.'s actual name or identifying information, shall not disclose the name to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.

7. Plaintiff's counsel, Plaintiff, Plaintiff's agents, Plaintiff's assigns, or all other recipients of G.G.'s actual name or identifying information shall use the name for purposes of this litigation only. They shall not use the actual name or identity of G.G. for any other purpose.

8. Defendant IU's counsel, IU, IU's agents, IU's assigns, or all other recipients of G.G.'s actual name or identifying information shall use the name for purposes of this litigation only. They shall not use the actual name or identity of G.G. for any other purpose.

9. The provisions of this Order shall survive the termination of the litigation.

SO ORDERED.

Dated: 24 JUL 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.