UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TIMOTHY SCHERMAN,

    Plaintiff,

v.                                                                                           Cause No. 1:19-cv-01866-JPH-TAB

INDIANA UNIVERSITY and G.G.,

    Defendants.

**PLAINTIFF'S UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM**

NOW COMES Plaintiff TIMOTHY SCHERMAN, by and through his attorneys, and pursuant to S.D. Local Rule 10-1, respectfully moves this Court to grant him leave to proceed under the Pseudonym "John Doe." In support of this Motion, Plaintiff states as follows:

1. Plaintiff was a student at Defendant Indiana University ("Defendant IU") who was placed on a two-year suspension on November 13, 2018 following an investigation into Defendant G.G.'s false accusations against him of sexual misconduct.

2. Plaintiff filed his Complaint on May 8, 2019 alleging violations of Title IX and due process under the Fifth and Fourteenth Amendments against Defendant IU, as well as common law claims of breach of contract and promissory estoppel (Dkt. 1). Plaintiff also alleged claims of defamation, false light, and intentional infliction of emotional distress against Defendant G.G. (*Id.*).

3. On May 23, 2019, Defendant G.G. filed a Motion to Proceed Under Pseudonym ("Defendant G.G.'s Motion") (Dkt. 15). On July 24, 2019, the Court entered an order granting Defendant G.G.'s Motion and ordering the parties to refile redacted copies of documents identifying Defendant G.G. by her full name (Dkt. 38).

1

4. Plaintiff opposed Defendant G.G.'s Motion and did not initially seek to proceed under pseudonym himself because, as he stated in Plaintiff's Memorandum in Opposition to Defendant G.G.'s Motion to Proceed Under Pseudonym (Dkt. 25), he would have preferred for this matter to be litigated in the light of day and "to enforce his rights and hold Defendants accountable in a public forum." (*Id*. at p. 5). However, in light of the Court's July 24, 2019 Order allowing Defendant G.G. to proceed anonymously and in the interest of fairness, Plaintiff now wishes to proceed under a pseudonym as well.

5. In Defendant G.G.'s Consolidated Reply in Support of Motion to Proceed Under Pseudonym and Motion to Seal (Dkt. 27), Defendant G.G. stated that she "freely acknowledges that Plaintiff could pursue his claims under a pseudonym (and would not object if he did so)…" (*Id*. at 4). On July 24, 2019, counsel for Plaintiff contacted counsel for G.G. and Indiana University, both of whom confirmed that they do not object to Plaintiff's instant Motion to Proceed Under Pseudonym.

6. According to the Seventh Circuit, "[t]o proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Greenfield*, 819 F.3d 372, 376-77 (7th Cir. 2016). The Southern District of Indiana has identified several factors in evaluating whether a plaintiff should be allowed to proceed pseudonymously:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Trs. of Ind. Univ.*, No. l:12-cv-1593-JMS-DKL, 2013 WL 3353944 at *3 (S.D. Ind. July 3, 2013).

7. It is undisputed, given the Court's Order allowing Defendant G.G. to proceed under pseudonym, that the facts of this case involve "information of the utmost intimacy" for both parties and that Plaintiff, who is a (wrongly) accused rapist, would risk significant injury to his reputation if identified in the proceedings going forward. Further, there is no prejudice to the opposing parties, as they are aware of Plaintiff's true identity and have not objected to the instant Motion.

8. This Court has already held that Defendant G.G. meets this high burden and has allowed her to proceed pseudonymously. Given that the same facts are at issue for Plaintiff, including details regarding his sex life, alcohol use, and sexual history, and that he is even more likely to be a victim of public censure and malice as a (wrongly) accused rapist, he should be given the right to have his identity concealed from the public as well.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion and allow him to proceed under the pseudonym "John Doe," and order that prior case documents identifying Plaintiff by name be refiled with his name redacted.

Respectfully submitted,

TIMOTHY SCHERMAN

By     s/Brenda H. Feis
       One of His Attorneys

Brenda H. Feis
Elisabeth G. Mustoe
FEIS GOLDY LLC
161 N. Clark Street
Suite 1600
Chicago, IL  60601
(312) 523-2200
bfeis@feisgoldy.com
emustoe@feisgoldy.com

July 29, 2019

## **CERTIFICATE OF SERVICE**

I, Elisabeth G. Mustoe, an attorney, hereby certify that on July 29, 2019, I caused a true and correct copy of the attached *PLAINTIFF'S UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM* to be served via e-mail upon the following counsel of record:

Michael C. Terrell
Melissa A. Macchia
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
MTerrell@taftlaw.com
MMachia@taftlaw.com

Jonathan D. Mattingly
Hamish S. Cohen
MATTINGLY BURKE COOHEN & BIEDERMAN LLP
155 E. Market Street, Suite 400
Indianapolis, IN 46304
Jon.Mattingly@MBCBLaw.com
Hamish.Cohen@MBCBLaw.com

By:  /s/ Elisabeth G. Mustoe_____