UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01866-JPH-MJD |
| | ) | |
| | ) | |
| INDIANA UNIVERSITY, | ) | |
| G.G., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO PROCEED UNDER PSEUDONYM**

This matter is before the Court on Plaintiff's *Motion to Proceed Under Pseudonym* [Dkt. 40], requesting that the Court allow Plaintiff to pursue this action anonymously due to the nature of the allegations. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

**I. Background**

In addition to common law claims of breach of contract and promissory estoppel, Plaintiff alleges violations of Title IX and due process under the Fifth and Fourteenth Amendments against Defendant Indiana University ("IU"). [Dkt. 1 at 17-24.] Moreover, Plaintiff alleges claims of defamation, false light, and intentional infliction of emotional distress against G.G. [*Id*. at 24-26.]

As set forth in the Complaint, Plaintiff and G.G., both former IU students, attended a party on October 18, 2017. [*Id.* at 5.] At some point during the party, the two went to Plaintiff's apartment, where they engaged in sexual activities. [*Id*. 5-6.] Ten months later, G.G. brought a complaint against Plaintiff for alleged sexual assault. [*Id.* at 6.] G.G. asserts that she was incapacitated during the sexual activity. [*Id*. at 7.] I.U. initiated proceedings against Plaintiff,

1

and the Office of Student Conduct ultimately found Plaintiff "had violated the University's Sexual Misconduct Policy because he 'knew or reasonably should have known [G.G.] was incapacitated' during sexual activity." [*Id*. at 8.] Plaintiff was then suspended from I.U. for two years. [*Id*.]

## II. Legal Standard

There is a strong presumption in favor of open proceedings in which all parties are identified, but federal courts also have discretion to allow a party to proceed anonymously. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). The presumption that parties' identities will be public information can be rebutted, however, by showing that the harm to the party exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding in federal court under a party's real name. *Id*. at 669-70. The ultimate test for permitting a party to proceed anonymously is whether the party has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *John Doe I-IV v. City of Indianapolis*, No. 1:06-cv-865-RLY-WTL, 2006 WL 2289187, at *1-2 (S.D Ind. Aug. 7, 2006). In determining whether to allow a party to proceed anonymously, the non-exhaustive factors articulated in *EW v. New York Blood Center* are helpful:

> (1) whether the [party] is challenging governmental activity or an individual's actions; (2) whether the [party]'s action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the [party]'s intention to engage in illegal conduct; (4) whether identification would put the [party] at risk of suffering physical or mental injury; (5) whether the [opposing party] would be prejudiced by allowing the [moving party] to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also* Doe v. Ind. Black Expo, 923 F. Supp. at 140 (applying nearly identical five-factor test). Discretion when applying this test lies with the district court. K.F.P v. Dane County, 110 F.3d 516, 519 (7th Cir. 1997). The Court will address each of these factors in turn.

### III. Discussion

The list articulated by the Second Circuit and used in the Seventh Circuit is not a strict test that the Court must follow, nor is it an exhaustive list of factors. Rather, it presents a set of factors that help this Court weigh whether exceptional circumstances exist. Additionally, it is well-known that pseudonyms are generally allowed to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997). In this case, G.G. alleges that she is a victim of sexual assault, so she clearly qualifies as a vulnerable party that has historically been allowed to proceed anonymously.[1] While Plaintiff filed this action in his own name, and opposed G.G.'s motion to proceed under pseudonym, Plaintiff claims that he was falsely accused of that sexual assault and therefore is also subject to the protection of anonymity. While Plaintiff's motion acknowledged the five factor test set forth above, he made no effort to argue how those factors applied to his motion. The Court will attempt to analyze the factors in the absence of any assistance from Plaintiff on his own behalf.

Plaintiff is challenging government activity, his suspension from I.U. That factor thus weighs in favor of anonymity.

---

[1] The Court notes that regardless of whether a sexual assault victim, like G.G., is a plaintiff or defendant in a case, courts have referred to such victims by pseudonyms. *See, e.g.*, Doe v. Ind. Univ. Bloomington, No. 1:16-cv-1480-JMS-DKL, 2016 WL 11553229 (S.D. Ind. Aug. 26, 2016) (granting Plaintiff's Motion to Proceed under Pseudonym); Doe v. Univ. of Chicago, No. 1:16-cv-08298, 2017 WL 818859 (N.D. Ill. Mar. 2, 2017) (referring to the defendant, the alleged female victim, by pseudonym).

3

Plaintiff argues that he was falsely accused of a sexual assault, and that this action will require disclosure of intimate information. [Dkt. 15 at 3; Dkt. 27 at 2.] The Court agrees. Such is demonstrated by the intimate details set forth in the Complaint, including Plaintiff and G.G.'s sexual activity, G.G.'s allegations of sexual assault, and IU's findings. [Dkt. 1.] Accordingly, the second factor also weighs in favor of anonymity.

Absent some argument from Plaintiff, it is more difficult to determine whether the third factor—whether the action requires disclosure of the [party]'s intention to engage in illegal conduct—supports Plaintiff's motion. However, as this factor is not dispositive of the motion, the Court finds it to be neutral in weight.

Next, Plaintiff argues that the fourth factor weighs strongly in favor of anonymity, as he risks being stigmatized by the community since "he is even more likely to be a victim of public censure and malice as a (wrongly) accused rapist." [Dkt. 40 at 3.] Despite his change of heart on the anonymity issue, the Court finds that Plaintiff "has asserted legitimate circumstances under which he could suffer mental injury due to the personal and sensitive nature of [the] allegations." *Doe v. Marvel*, No. 1:10-cv-1316-JMS-DML, 2010 WL 5099346 (S.D. Ind. Dec. 8, 2010). Thus, the Court finds that the fourth factor favors anonymity as well.

Under factor five, Defendants will not be prejudiced because they already know Plaintiff's identity. *See id.*; *Doe v. Individual Members of Indiana State Bd. of Law Examiners*, No. 1:09-cv-0842-WTL-TAB, 2009 WL 2448468, at *3 (S.D. Ind. Aug. 8, 2009), *objections overruled*, No. 1:09-cv-842-WTL-JMS, 2010 WL 106580 (S.D. Ind. Jan. 4, 2010).

Finally, the sixth factor recognizes the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. While there is a strong presumption in favor of proceeding with litigants' real names, the Seventh Circuit has recognized

an "exception" for "rape victims." *Blue Cross & Blue Shield United*, 112 F.3d at 872; *City of Chicago*, 360 F.3d at 669. "In other words, the Seventh Circuit has weighed the public's right to access against a [party's] desire to adjudicate rape allegations anonymously and concluded that the scales favor anonymity." *Marvel*, 2010 WL 5099346, at *3. The sixth factor, therefore, also favors anonymity because Plaintiff alleges he was falsely accused of sexual assault.

Having balanced the factors, the Court finds that Plaintiff has overcome the strong presumption in favor of requiring a litigant's name to be a matter of public record by showing that the harm to Plaintiff outweighs the likely harm of concealment.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** Plaintiff's *Motion to Proceed Under Pseudonym*. [Dkt. 40.]

The Clerk is directed to **PERMANENTLY SEAL** the documents and all attachments that contain either Plaintiff or G.G.'s actual name (located at Docket Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46), to change every mention of Plaintiff's actual name in the docket entries to "John Doe" (located at Docket Nos. 1, 2, 6, 7, 10, 11, 21, 23, 24, 25, 26, 40, 41, and 46), and to change every mention of G.G.'s actual name in the docket entries to "G.G." (located at Docket Nos. 7, 13, 14, 15, 16, 17, 27, 28, 29, 30, 31, and 35). Further, the Clerk is directed to change Plaintiff's name in the caption to John Doe, and Defendant's name in the caption to "G.G." and shall also change the short caption of this matter to "*Doe v. Indiana University*, et al." Lastly, the Clerk is directed to **UNSEAL** the case.

In light of the above, Plaintiff's *Motion to Seal* [Dkt. 41], which asks the Court to seal various documents containing Plaintiff's actual name, is **DENIED AS MOOT**.

**IT IS HEREBY ORDERED**:

1. Plaintiff may proceed in this case under the anonymous name of John Doe.

2. Defendant may proceed in this case under the anonymous name of G.G.

3. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted so as to exclude Plaintiff's and G.G.'s true identities and to refer to Plaintiff and G.G. by their anonymous names.

4. Any document filed in the future that contains either Plaintiff or G.G.'s actual name or identifying information shall have the name and identifying information redacted prior to filing and shall be replaced by Plaintiff or "G.G." as appropriate.

5. To minimize further confusion, the Clerk is directed to show the redacted versions of prior filings filed at Docket Nos. 43, 44, and 45 as **STRICKEN** from the docket.

6. The parties are hereby **ORDERED** file redacted versions of their respective documents and attachments previously filed which will be permanently sealed by the Clerk. The CM/ECF filing event to be used is **Redacted Document**, and each redacted document shall be linked back to the previously-filed, unredacted, sealed document. Therefore, on or before **August 27, 2019**:

    a. Plaintiff shall file redacted versions of Docket Nos. 1, 2, 6, 7, 10, 21, 23, 24, 25, 26, 40, and 41.

    b. Defendant Indiana University shall file redacted versions of Docket Nos. 12, 18, 19, 32, and 37.

    c. Defendant G.G. shall file redacted versions of Docket Nos. 13, 14, 15, 16, 17, 27, 28, 29, 30, 31, 35, and 46.

    d. Further, counsel for Plaintiff is ordered to redact consistent with this order and file the redacted copies of the Court's notice/orders at Docket Nos. 3, 4, 5, 8, 9, 11, 20, 22, 33, 34, 36, 38, 39, 42.

7. Plaintiff's counsel, Plaintiff, Plaintiff's agents, Plaintiff's assigns, or any other recipients of G.G.'s actual name or identifying information, shall not disclose the name to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.

8. Defendant IU's counsel, IU, IU's agents, IU's assigns, or any other recipients of Plaintiff or G.G.'s actual name or identifying information, shall not disclose the name to anyone, including without limitation to the public, to law enforcement, or the media, except for legitimate purposes relating to I.U.'s operations, without leave of the Court.

9. G.G.'s counsel, G.G., G.G.'s agents, G.G.'s assigns, or any other recipients of Plaintiff's actual name or identifying information, shall not disclose the name to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.

10. Plaintiff's counsel, Plaintiff, Plaintiff's agents, Plaintiff's assigns, or all other recipients of G.G.'s actual name or identifying information shall use the name for purposes of this litigation only. They shall not use the actual name or identity of G.G. for any other purpose.

11. Defendant IU's counsel, IU, IU's agents, IU's assigns, or all other recipients of Plaintiff or G.G.'s actual name or identifying information shall use their names for purposes of this litigation and for legitimate purposes relating to I.U.'s operations

only. They shall not use the actual name or identity of Plaintiff or G.G. for any other purpose.

12. G.G.'s counsel, G.G., G.G.'s agents, G.G.'s assigns, or any other recipients of Plaintiff's actual name or identifying information shall use the name for purposes of this litigation only. They shall not use the actual name or identity of Plaintiff for any other purpose.

13. The provisions of this Order shall survive the termination of the litigation.

SO ORDERED.

Dated: 13 AUG 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.

8